Hoffman, P.J., concurring in part and dissenting in part
{¶ 158} I concur in the majority's analysis and disposition of Appellant's first, third, fourth and fifth assignments of error.
{¶ 159} I respectfully dissent from the majority's decision to sustain Appellant's second assignment of error regarding attorney fees. As noted by the majority, an "award of attorney fees is authorized in situations when punitive damages would be appropriate, i.e. the conduct is so egregious as to constitute fraud, malice, bad faith or wantonness." (Majority Opinion at ¶ 44, citing Columbus Finance v. Howard , 42 Ohio St.2d 178, 327 N.E.2d 654 (1975), et al.).
{¶ 160} Although we determined in our discussion of Appellant's first assignment of error, punitive damages are not legally recoverable in the absence of a compensatory damage award, the question of whether punitive damages are "appropriate" and "warranted" based upon Appellant's conduct is a different matter.
{¶ 161} I would find under the unique facts presented in this case, punitive damages are both warranted and appropriate, thereby, support an award of attorney fees despite the fact the punitive damage award itself was legally prohibited. The fact the trial court elected to impose the equitable remedy of declaring the August, 2014 Transfer on Death Designation invalid in lieu of ordering a compensatory damage award as the best way to achieve justice in this matter and preserve the decedent's clear expressed intent to keep the property in the family bloodline, does not bar its discretion to award attorney fees because punitive damages were otherwise both warranted and appropriate.